{¶ 53} Even assuming that the trial court should have granted appellant a continuance, I conclude that the failure to do so ultimately did not affect any of his substantial rights. Accordingly, I would affirm appellant's conviction, as the denial of the continuance was harmless error.
 {¶ 54} On appeal, appellant has not provided anything demonstrating that he was prejudiced by the trial court's actions. More to the point, outside of simply claiming that he was unable to properly prepare for trial, appellant has failed to identify any evidence that would have helped his case, or actions that his attorney could have taken to further establish an adequate defense. See, generally, State v. Wells
(Mar. 22, 2000), 7th Dist. No. 98-JE-3, 2000 WL 309401, at 4 (noting that "appellant ha[d] failed to specifically identify any particular piece of evidence that was denied him due to the trial court's denial of the motion for continuance."); State v. McWhite (Dec. 29, 1995), 6th Dist. No. L-95-007, 1995 WL 763898, at 3 (holding that "[a]ssuming arguendo that the trial court erred in refusing the continuance, it is beyond a reasonable doubt that such error did not affect the substantial rights of [appellant]."). If such evidence does in fact exist, a better course of action would have been to pursue a petition for post-conviction relief, which would have given appellant the opportunity to introduce evidence outside the record in support of his claim.
 {¶ 55} In any event, considering the evidence presented by the state that showed that the victim was substantially impaired when appellant engaged in sexual contact with her, I cannot agree with the majority that appellant's conviction should be overturned. Therefore, I respectfully dissent.